UNITED STATES *v.* S. P. SKINNER CO., INC. (No. 4960)[1]

United States Court of Customs and Patent Appeals, June 30, 1959

*George Cochran Doub*, Assistant Attorney General, and *Richard E. FitzGibbon*, Chief, Customs Section, for the United States.

*Lane, Young & Fox*, (*William H. Fox* of counsel) for appellee.

Before WORLEY, Acting Chief Judge, RICH, MARTIN, and JOHNSON (retired), Associate Judges.

WORLEY, Chief Judge, delivered the opinion.

This appeal is from the judgment of the United States Customs Court, Second Division, C.D. 1958, sustaining the importer's protest and holding certain merchandise, invoiced as "log fires" to be dutiable under paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as articles having as an essential feature an electric element or device. They were classified by the collector as household utensils under paragraph 339 of the Act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802.

The pertinent statutory provisions read:

Paragraph 353, as modified, *supra*—Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable

[1] C. A. D. 708.

tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs, finished or unfinished, wholly or in chief value of metal, and not specially provided for:

| * | * | * | * |
|---|---|---|---|

Other (except the following: * * *)_____ 13¾% ad val.

Paragraph 339, as modified, *supra*—Table, household, kitchen, and hospital utensils, and hollow or flat ware, not specially provided for * * *:

| * | * | * | * |
|---|---|---|---|

Not plated with platinum, gold, or silver, and not specially provided for:

| * | * | * | * |
|---|---|---|---|

Other:

Composed wholly or in chief value of iron, * * * 29% ad val.

The Government took no testimony. The importer called a single witness, one Stannage P. Skinner, Chairman of the Board of the importer, from whose testimony it is clear that the imported articles are in chief value of metal and are imitation logs illuminated by an electric bulb, and a spinner actuated by heat from the bulb in such a manner as to simulate a log fire. The articles are used solely for ornamentation. However, the witness testified that they give a feeling of cheer and comfort and that "It is next door to a nice log fire."

The court held that the articles are not household utensils under paragraph 339 and that they are articles having as an essential feature an electrical element or device, within the meaning of paragraph 353. The Government, appellant here, controverts both those holdings, and argues that if either of them is found to be erroneous, the judgment appealed from should be reversed.

Interpretation of the household utensil provision of paragraph 339 was before this court in *Pramette Juvenile Furniture Company* v. *United States*, 36 CCPA 61, C.A.D. 398. After considering several prior decisions, it was there stated that

The words "household utensils" as used in paragraph 339, *supra*, have been consistently construed by this court to refer to articles which serve a utilitiarian purpose and are chiefly used in the household for the care and maintenance of the home for the convenience and comfort of its members.

To the same effect is the following statement in *L. Tobert et al.* v. *United States*, 41 CCPA 161, C.A.D. 544:

* * * The main purpose of the imported articles, whether utilitarian or otherwise, is of prime importance, as it is entirely clear that paragraph 339, as modified, contemplates the inclusion only of articles chiefly used to achieve utilitarian objectives.

In our opinion the instant articles do not satisfy the requirements of the foregoing decisions since their function is not utilitarian but ornamental. Any feeling of cheer or comfort which they may induce does not differ in kind from that derived from a picture or decorative scheme.

In *I. W. Rice & Co.* v. *United States*, 24 CCPA 114, T.D. 48415, relied on by the Government, it was held that the term "household utensil" was not limited to articles chiefly used in care and maintenance of the household, but included articles such as atomizers designed to be used by the members of a household collectively for comfort and convenience. That decision, however, adheres to the principle that a utilitarian purpose is necessary.

The Government also relies on the decision of the Customs Court in *Heemsoth and Besse* v. *United States*, 72 Treas. Dec. 385, T.D. 49191, in which it was held that certain bird cages were household utensils. In so holding, the court quoted from our decision in the *Rice* case, supra, to the effect that household utensils must contribute to the convenience and comfort of the members of a household and noted that Webster's New International Dictionary defines "comfort," inter alia, as "State or feeling of having relief, cheer or consolation." The court then said:

> It is a matter of common knowledge of which this court may take judicial notice that the presence in the home of a singing canary bird in a cage contributes to the cheer and enjoyment of the occupants. Whether plain or ornamental the only use made of a bird cage, such as those involved herein, is the utilitarian purpose of containing such a bird. We cannot conceive that an empty cage would be used solely for ornamental or decorative purposes.

While that language might seem to suggest that an article which served no other purpose than to cheer the occupants of a house could be a household utensil, the decision was really based on the fact that the only function served by the cage, namely to enclose the bird, was utilitarian and not ornamental. That decision, therefore, does not support the proposition that an ornamental article, such as involved here, is a household utensil.

For the reasons given we agree with the Customs Court that the merchandise is not properly classifiable as household utensils.

Since the "log fires" depend upon the electric bulb and also upon the spinner which is actuated by heat from the bulb, it is apparent that they are "articles having as an essential feature an electrical element or device," and thus satisfy the requirement of the introductory portion of paragraph 353. However, the Government, invoking the rule of *ejusdem generis*, contends that the log fires are not articles "such as" any of those named in that paragraph and hence cannot properly be classified under it.

As correctly pointed out by the Government, the Customs Court did not hold the imported articles to be "such as" any one of those named in paragraph 353, but the court was apparently of the opinion that in view of the wide variety of articles named, the doctrine of *ejusdem generis* should be given a liberal application. In support of its holding the court noted that, by trade agreement, batteries and

television apparatus have been held to be within the purview of that paragraph although they clearly are not, in a narrow sense, *ejusdem generis* with any one of the exemplars.

We are in agreement with the conclusion reached by the Customs Court as to paragraph 353. Obviously there are wide differences in size, value, use, and method of operation between locomotives, portable tools, refrigerators, and signs, all of which are named in the paragraph, and it seems evident that Congress intended to include a wide range of articles, of which those named were merely exemplary. In our opinion it would defeat the purpose of the paragraph to include in it only such articles as had a close correspondence to some particular one of the wide variety listed.

We concur in the Government's position that the rule of *ejusdem generis* is not to be so loosely applied to paragraph 353 as to permit the inclusion of every article having an electrical element or device as an essential part, since such an application would render the naming of the exemplars useless and would be at variance with the decision in *John A. Steer & Co.* v. *United States*, 24 CCPA 293, T.D. 48737, where it was held that an anhydrous ammonia plant was not classifiable under paragraph 353, notwithstanding the fact that an electrical element was required to initiate its operation. As above noted, however, the wide variety of articles named calls for a correspondingly liberal application of the *ejusdem generis* rule. In our opinion the rule to be applied was correctly stated in *United States* v. *Dryden Rubber Co.*, 22 CCPA 51, T.D. 47050, as follows:

> On the other hand, if, when the article is imported, it is so constructed as to utilize electrical power solely and, therefore, is, essentially, an electrical article, and its various parts as imported, are intended to be used and are used, together, as was the case with the imported merchandise, then no reason is seen why it cannot be considered, for dutiable purposes, within the scope of the third division of this paragraph (paragraph 353) for in such case, we think the article should be held to be included within the class of articles named in the paragraph.

The instant merchandise satisfies the foregoing requirement and was properly held classifiable under paragraph 353.

The judgment of the United States Customs Court is *affirmed.*